UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SUSAN L. SIMMONS,           )
                            )
        Plaintiff,          )
                            )
    v.                      )   Case No. 05-1377
                            )
WAL-MART STORES, INC.,      )
                            )
        Defendant.          )

**O R D E R**

Before the Court is Plaintiff's Motion for Remand, or in the Alternative, for Transfer to the Springfield Division on Grounds of *Forum Non Conveniens* [Doc. # 4]. For the reasons that follow, the Court will grant Plaintiff's Motion to Remand.

**Background**

In July 2005, Plaintiff filed a negligence complaint in the Circuit Court of the Sixth Judicial Circuit of Macon County, Illinois. Defendant was served with that complaint on August 3, 2005. On August 16, 2005, Defendant served Plaintiff with a request to admit, seeking an admission that the amount in controversy did not exceed $75,000. In response, Plaintiff filed objections arguing the request to admit sought an improper legal conclusion and that it sought privileged information. On August 17, 2005, Defendant sent Plaintiff's counsel authorizations for the release of Plaintiff's health information. Defendant received the executed releases on October 3, 2005. On November 17, 2005, Defendant received some of Plaintiff's medical records, revealing the nature of Plaintiff's injuries. On December 2, 2005, Defendant removed this action to this Court.[1]

---

[1] The case was initially removed to the Champaign Division, but after discovering that the negligence allegedly occurred in McLean County, the case was transferred to this division.

**Legal Standard**

Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States...." 28 U.S.C. § 1332(a)(1). If these conditions have been met, a defendant may remove an action filed in state court to federal district court. 28 U.S.C. § 1441(b). As the removing party, Defendant has the burden of establishing that the parties are diverse and that the required amount in controversy is at stake. Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997). A defendant meets this burden by supporting her allegations with "competent proof," McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936), which in our circuit requires the defendant to offer evidence which proves "to a reasonable probability that jurisdiction exists." Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993). In other words, "the test set forth in McNutt is satisfied if a defendant in a removal action can show to a reasonable probability that more than [$75,000] is in controversy." Shaw, 994 F.2d at 366 n.2 (citations omitted).

**Analysis**

In her Motion for Remand, Plaintiff argues, *inter alia*, that Defendant has failed to show how Plaintiff's medical records reveal that Plaintiff's personal injury claim is worth more than $75,000. The Court agrees. Defendant has not supplied the Court with any evidence upon which to evaluate Plaintiff's claims. In its Notice of Removal, Defendant asserts that medical records from St. Mary's Hospital led it to "reasonably and in good faith believe that the amount in controversy . . . exceeds $75,000." In its response to Plaintiff's motion, Defendant has relied heavily on the nature of

2

Plaintiff's injuries--as described in the medical records--to support its argument that the amount in controversy exceeds $75,0000. Still, Defendant has not provided any medical, financial, or legal document which would allow this Court to reasonably ascertain the damages resulting from these injuries. Consequently, any assumption by this Court as to the value of Plaintiff's case would be purely speculation at this juncture.[2] Accordingly, the Court finds, based on the documents provided, that Defendant cannot show to a reasonable probability that more than $75,000 is in controversy. Shaw, 994 F.2d at 366 n.2.

### Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion for Remand, or in the Alternative, for Transfer to the Springfield Division on Grounds of *Forum Non Conveniens* [Doc. # 4] is GRANTED.

IT IS FURTHER ORDERED that this case is remanded back to the Sixth Judicial Circuit, Macon County, Illinois.

CASE TERMINATED.

Entered this   20th    day of April, 2006.

> s/  Joe B. McDade
> JOE BILLY McDADE
> United States District Judge

---

[2]The Court recognizes that Plaintiff has admitted in her complaint that she is seeking in excess of $50,000. While this may be a reasonable starting point for ascertaining Plaintiff's damages, Defendant has provided the Court with nothing to support a conclusion that the damages would exceed $50,000.

3